**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-50611 |
| Plaintiff - Appellee, | D.C. No. CR-04-00262-EHC-13 |
| v. | |
| RANFERIS LOPEZ, aka Zexto Patin Ayala; et al., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California

Submitted April 11, 2011[**]
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Ranferis Lopez ("defendant") appeals his jury conviction for conspiracy to

possess with intent to distribute a controlled substance in violation of 21 U.S.C.

§§ 846, 841(a)(1), possession with intent to distribute a controlled substance in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. § 841(a)(1), and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Defendant first argues that his rights under the Confrontation Clause were violated because of improper limitations on the cross-examination of Officer Bolon. When a defendant fails to raise a Confrontation Clause objection in the district court, we review for plain error. *United States v. Hagege*, 437 F.3d 943, 956 (9th Cir. 2006). In this case, the defense cross-examined Officer Bolon at length regarding the circumstances of the traffic stop. Defendant was not precluded from addressing prior inconsistent statements or any other relevant matter. The district court only precluded defendant from litigating a suppression motion in front of the jury. This did not constitute error, let alone plain error.

Defendant also argues for the first time on appeal that the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to produce Officer Bolon's arrest report and his testimony at a state court preliminary hearing. We review *Brady* claims that were not raised before the district court for plain error. *United States v. Guzman-Padilla*, 573 F.3d 865, 890 (9th Cir. 2009). The government produced Officer Bolon's arrest report, and defendant utilized the report to cross-examine Officer Bolon at trial. Defendant was not prejudiced by

any delay. *See United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir. 1996). There was also no plain error with respect to the transcript of the preliminary hearing in state court. Defendant does not identify any material inconsistent statements in the prior testimony, and there is no showing that the government had knowledge of and access to the records in the state court proceeding. *See United States v. Shryock*, 342 F.3d 948, 983–84 (9th Cir. 2003).

Finally, defendant argues that the district court failed to rule on his joinder in co-defendant Beltran-Garcia's wiretap suppression motion and that the wiretap evidence against defendant should have been suppressed because the affidavit supporting the wiretap application did not demonstrate necessity. In a minute order on August 24, 2004, the district court ruled on Beltran-Garcia's motion to suppress and defendant's joinder, finding that both Beltran-Garcia and defendant lacked standing. We review the district court's legal conclusion on standing de novo, and we review the findings of fact related to this conclusion for clear error. *United States v. Sarkisian*, 197 F.3d 966, 986 (9th Cir. 1999). A "defendant may move to suppress the fruits of a wire-tap only if . . . he was a participant in an intercepted conversation[] or if such conversation occurred on his premises." *United States v. King*, 478 F.2d 494, 506 (9th Cir. 1973) (citation omitted). Defendant's declaration did not establish that he was a participant in any

conversation in which Beltran-Garcia was intercepted. Accordingly, the district court did not err in concluding that defendant lacked standing to challenge the intercepted conversations that were the subject of Beltran-Garcia's motion. Furthermore, there was no abuse of discretion when the issuing judge approved the application of September 30, 2003, for the interception of wire communications based upon a finding of probable cause and necessity. *See United States v. Canales Gomez*, 358 F.3d 1221, 1224–26 (9th Cir. 2004).

All motions currently pending before the court are hereby denied.

**AFFIRMED.**